UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALLEN PORTER,

                Petitioner,

v.                                          CASE NO. 2:06-CV-10729

GERALD HOFBAUER,                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

                Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

Petitioner Mark Allen Porter has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The petition and exhibits indicate that, on March 6, 1997, Petitioner was convicted in St. Clair County, Michigan of two counts of first-degree murder, one count of first-degree home invasion, and one count of unlawfully driving away an automobile. Because this is Petitioner's second habeas petition challenging the same convictions, the petition must be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas petition.

**Discussion**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Among other things, the AEDPA amended 28 U.S.C. § 2244, which sets forth the standards and procedures that federal courts must apply when faced with second or successive habeas corpus petitions. Pursuant to § 2244, an individual seeking to file a second or successive habeas petition must ask the appropriate court of appeals for an order authorizing the

district court to consider the petition. *See* 28 U.S.C. § 2244(b) (3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner alleges that he filed a previous habeas corpus petition in the Western District of Michigan. Federal court records indicate that the petition was filed on July 28, 2000, and ultimately dismissed as without merit in 2004. *See Porter v. Tyszkiewicz*, No. 4:00-cv-00121 (W.D. Mich. Sept. 30, 2004) (McKeague, J.). Petitioner appealed the trial court's decision, but the United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. *See Porter v. Tyszkiewicz*, No. 04-2294 (6th Cir. Apr. 28, 2005). On November 28, 2005, the United States Supreme Court denied Petitioner's subsequent application for a writ of certiorari. *See Porter v. Smith*, __ U.S. __, 125 S. Ct. 747 (2005).

Petitioner has not alleged or otherwise demonstrated that he received permission from the Court of Appeals to file a second or successive habeas petition challenging the same convictions.

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

                                                                                           s/Paul D. Borman  
                                                                                           PAUL D. BORMAN  
                                                                                           UNITED STATES DISTRICT JUDGE

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 1, 2006.

                                                                                          s/Jonie Parker  
                                                                                          Case Manager